**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JANE DOE, *on behalf of herself and all others similarly situated*,<br><br>    Plaintiff,<br><br>vs.<br><br>CURIUM US LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 4:25-cv-00964-MTS<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Federal Rule of Civil Procedure 10(a) provides that "[t]he title of the complaint must name all the parties," and Rule 17(a) requires that "[a]n action . . . be prosecuted in the name of the real party in interest."  Nevertheless, Plaintiff declined to file this action under her own name, instead using a pseudonym.  She did not seek permission to do so prior to or contemporaneous with the filing of her action.  *But see W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (joined by J. Gibson, J., sitting by designation) ("When a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so."); *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 637 (6th Cir. 2005) (per curiam) (noting that the "[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case").  Plaintiff now, though, has moved for leave to proceed under a pseudonym.  Doc. [6].

On review of Plaintiff's Motion—filed without the required memorandum in support, *see* E.D. Mo. L.R. 4.01(A)—the Court concludes that Plaintiff has failed to show

that this case is one of the "limited circumstances where [her] need for anonymity outweighs countervailing interests in full disclosure." *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024). Chiefly, Plaintiff's Motion fails because it operates under the faulty premise that "[t]here is no public interest in the disclosure of [her] identity." Doc. [6] ¶ 12; *contra Doe v. Doe*, 85 F.4th 206, 217 (4th Cir. 2023) ("The public has an interest in knowing the names of the litigants[.]"); *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020) (recognizing the public's "legitimate interest in knowing all of the facts involved, including the identities of the parties"); *Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011) ("There is universal public interest in access to the identities of litigants."); *cf. Gannett Co. v. DePasquale*, 443 U.S. 368, 448 (1979) (Blackmun, J., concurring in part and dissenting in part) ("It has been said that publicity 'is the soul of justice.'" (quoting J. Bentham, *A Treatise on Judicial Evidence* 67 (1825))). With that mistaken notion as her premise, Plaintiff's Motion understandably fails to show how her privacy interest outweighs the public interest that unquestionably exists in this putative class action. *See Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 730 (M.D.N.C. 2013) (noting "transparency has heightened value in class actions").

Plaintiff's more specific arguments also miss the mark. This case stems from an alleged cyberattack that resulted in "unauthorized disclosure, exfiltration, and theft of" individuals' "personally identifying information" and "protected health information." Doc. [1] ¶ 3. But Plaintiff "does not explain how publication of [her] name would place [her] data at further risk." *See A.S. v. Anthem Ins. Cos.*, 1:23-cv-0693-MG, 2023 WL

3868640, at *2 (S.D. Ind. June 7, 2023).    While she maintains in her Motion that "identifying her would require her to admit to her private medical conditions in order to proceed with her suit," Doc. [6] at 3, nowhere in the Complaint does the Court find where Plaintiff's medical conditions are discussed, *see generally* Doc. [1].  *See also A.S.*, 2023 WL 3868640, at *2 ("This case does not concern [Plaintiff's] medical treatments.  It's a case about [Defendant's] alleged negligence in how it handles information.").  So, while it is understandable that someone would prefer to keep her medical conditions private, *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) (recognizing that "though many people are understandably secretive about their medical problems," the "fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name"), Plaintiff has not at all explained why litigating this case in her true name risks making that information public.[1]

And even if there were such a risk, Plaintiff chose to file an action that involves the data surrounding her protected health information.  Indeed, she appears quite eager to "pursue [her] claim in a public court,"[2] and when plaintiffs do so, they generally must take "the burdens" of a public forum along with "its benefits."  *See Keemar v. AVCO Corp.*, 6:06-cv-0448-DAB, 2007 WL 2696571, at *2 (M.D. Fla. Sept. 11, 2007).  More

---

[1] "Furthermore, to the extent sensitive medical information becomes relevant," a protective order, if appropriate, could suffice in protecting Plaintiff's privacy interests.  *See A.S.*, 2023 WL 3868640, at *2; *see also Cajune*, 105 F.4th at 1077 (noting a factor that courts consider in determining whether to allow a plaintiff to proceed under a fictitious name is "whether there exist alternative mechanisms that could protect the confidentiality of the litigants").

[2] Plaintiff filed her 149-paragraph Complaint in this Court a mere ten days after she alleges Defendant notified her of the data breach.  Doc. [1] ¶ 4.

than that, under Federal Rule of Civil Procedure 23, she seeks to be the representative for an entire class of plaintiffs—all while remaining anonymous to that class and the public at large.  But in such circumstances, this Court has previously held that a plaintiff's interest in anonymity does not outweigh the public interest in full disclosure.  *See In re Ashley Madison Customer Data Sec. Breach Litig.*, 4:15-md-2669-JAR, 2016 WL 1366616, at *4 (E.D. Mo. Apr. 6, 2016) (requiring class representatives "to disclose their identities so that the public, including the putative class members they seek to represent, know who is guiding and directing the litigation"); *accord Sherman v. Trinity Teen Sols., Inc.*, 339 F.R.D. 203, 204 (D. Wyo. 2021) ("Plaintiff's status as a class action representative requires disclosure of his identity in order to fairly and adequately protect the interests of the class.").

As a final point, the Court observes that Plaintiff failed to completely remove all the references to her identity in the filings she has made up to this point, leaving some that appear to contain her full name in the public record.  *See, e.g.*, Doc. [1-1] at 3. "[W]here the identity of a litigant has been revealed—whether in the litigation or otherwise—courts have found that any weight in favor of pseudonymity . . . diminishes or evaporates entirely." *Doe v. Washington Univ.*, 652 F. Supp. 3d 1043, 1046 (E.D. Mo. 2023); *accord Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) (Lynch, J.) ("The extent to which the plaintiff's identity has been kept confidential may also affect the weight of the privacy interest; the plaintiff's interest in anonymity is weaker where anonymity has already been compromised.").

In sum, Plaintiff has failed to meet her burden, and the Court will therefore deny Plaintiff's Motion. However, the Court will do so without prejudice. Plaintiff may refile her request for leave to proceed under a fictitious name if she provides sufficient justification, citing relevant case law, and analysis to support her request. In doing so, she must start with the premise that the public does indeed have a legitimate interest in her identity and address the other points noted herein. In the alternative, Plaintiff may file an amended complaint that identifies herself as the real party in interest, *see* Fed. R. Civ. P. 15(a)(1), or she may dismiss this action without prejudice, *see id.* at 41(a)(1)(A)(i).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed Under Pseudonym, Doc. [6], is **DENIED** without prejudice. No later than **<u>Wednesday</u>**, **<u>July 9</u>**, **<u>2025</u>**, Plaintiff Jane Doe shall, consistent with this Memorandum and Order, file a properly supported amended motion for leave to proceed under pseudonym, file an amended complaint that names her as the real party in interest, or file a notice of dismissal.

**IT IS FURTHER ORDERED** that Attorney Raina C. Borrelli's Motion for Leave to Appear Pro Hac Vice, Doc. [5], is **GRANTED**. *See* E.D. Mo. L.R. 12.01(F).

Dated this 2nd day of July 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE